# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Respondent, | : | |
| v. | : | 3:03-CR-32 |
| | : | (JUDGE MARIANI) |
| STEVEN FAUSNAUGHT, | : | |
| Petitioner. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

On July 30, 2007, Petitioner Steven Fausnaught was convicted of conspiracy to distribute more than 500 grams of methamphetamine and more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846; several counts of distribution and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); and illegal possession of a firearm while being a user of controlled substances in violation of 18 U.S.C. § 922(g)(3). Doc. 401. On December 29, 2008, Petitioner was sentenced to 292 months in prison. Doc. 527. Since then, Petitioner has filed several motions to challenge his conviction and/or sentence, including the instant motion before the Court, seeking relief pursuant to Fed. R. Civ. P. 60(b) due to extraordinary circumstances. Doc. 749. For the reasons stated below, Petitioner's motion will be denied.

### II. FACTUAL BACKGROUND

Petitioner's case has been addressed numerous times by the district court and the

1

Third Circuit Court of Appeals over the past decade. He was convicted on July 30, 2007 of several counts related to conspiracy to distribute drugs, including, among other things, conspiracy to distribute and possess with intent to distribute in excess of 500 grams of methamphetamine and in excess of 100 kilograms of marijuana. Doc. 401. On December 29, 2008, Petitioner was sentenced to 292 months in prison, which was the bottom of his advisory sentencing guidelines range. Doc. 527.

On May 20, 2010, the Third Circuit affirmed Petitioner's conviction as well as his sentence. *United States v. Fausnaught*, 380 F. App'x 198, 204 (3d Cir. 2010). On May 19, 2017, Petitioner filed the instant motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, contending that there was "overwhelming evidence that the sitting judge was suffering from dementia during [his] Trial and Sentencing." Doc. 749 at 2. Petitioner's sole evidentiary support for his argument is a news article from April 1, 2017, which was published more than eight years after his sentencing. The motion is now ripe for disposition.

### III. ANALYSIS

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46, 162 L. Ed. 2d 480 (2005). "The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice

2

must be done." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002) (alterations and internal quotations marks omitted). "The movant under Rule 60(b) 'bears a heavy burden,' which requires 'more than a showing of the potential significance of the new evidence.'" *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quoting *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967), *cert. denied*, 389 U.S. 1014, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967)).

Rule 60(b) contains several provisions under which relief may be granted. Of the provisions, two may be relevant in this case: subsection (b)(2), which provides relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; and subsection (b)(6), which is a catch-all provision that permits reopening of the case for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2) and (b)(6). It is unclear which provision forms the basis of the Petitioner's motion. However, because a Rule 60(b) motion must be made "no more than a year after the entry of the judgment" in the case of the first three subsections, *see* Fed. R. Civ. P. 60(c), a motion pursuant to Rule 60(b)(2) would be untimely. Because *pro se* defendants' motions should be construed liberally "with an eye toward their substance rather than their form," *United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) (internal citation omitted), the Court will construe the motion as proceeding under Rule 60(b)(6), the catch-all provision. Rule 60(b)(6) carries a high burden; it "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."

*Coltec Indus.*, 280 F.3d at 273 (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188 (3d Cir. 1988).

As stated above, Petitioner's motion relies on an April 1, 2017 news article concerning the presiding judge over his trial and sentencing, Judge Edwin Kosik. The article detailed an April 2017 incident when Judge Kosik was hospitalized after being found in a wooded area outside Scranton due to memory loss. Doc. 749 at 2. Petitioner claims that Judge Kosik was "found sleeping on the ground in a park, within one hundred yards of his car," and he further claims that Judge Kosik "is presumably suffering from severe mental deterioration, dementia. Judge Kosik is, in fact, in the latter stages of dementia...Judge Kosik is at what is often called 'the dignity stage' of dementia because to salvage what little dignity he can is the best for which he can hope." *Id.* at 4. However, none of these details are found in the short news clipping attached to the motion; it is therefore unclear upon which sources (if any) Petitioner relies for these claims. *See* Doc. 749 at 11.

Petitioner then surmises, without factual support, that Judge Kosik had been suffering from memory impairment more than eight years prior to the publication of the article, i.e. during Petitioner's sentencing hearing, and that as a result, "Judge Kosik was induced by Prosecutor Sempa's counter-factual assertions that a crucial witness, [co-conspirator] Mr. Moore, had incriminated and implicated [Petitioner]...[when i]n fact, Mr. Moore had plainly exonerated [Petitioner], on the record in courtroom testimony before a jury, not just once, but twice." *Id.* at 4. Petitioner then proceeds to make the same

4

argument that appears in his pending § 2255 motion, i.e. that he "played no role whatsoever in [co-conspirators] Moore and Sechler's methamphetamine sales" and that he is therefore entitled to a minor role reduction in his sentence. In support, he cites the same portion of testimony by Moore that appears in his second § 2255 motion:

> Q: You never mentioned that Steve Fausnaught sold you methamphetamine, is that correct?
> A: Correct.
> Q: Because he didn't, right?
> A: He never sold me methamphetamine, no.
> ...
> Q: So he never sold you and participated in the methamphetamine, you're saying that, right?
> A: Right.

*Id.* at 5 (citing Doc. 498 at 147-178). Petitioner claims that this portion of testimony contradicts the Assistant U.S. Attorney's representation during sentencing that "Petitioner was involved in the alleged sale of 50 pounds of methamphetamine." *Id.* at 6. However, this selective citation to Moore's testimony does not establish that Petitioner was not involved in the conspiracy to distribute methamphetamine. It merely establishes that this particular witness has never personally bought methamphetamine from Petitioner. The isolated portion of testimony is not sufficient to overturn other evidence adduced during a six-day trial regarding Petitioner's participation in the conspiracy to distribute methamphetamine. *See e.g.* Doc. 501 at 145-147, 154 (co-conspirator testifying that he had received methamphetamine from Petitioner for further distribution, that he had been dealing with Petitioner for about five years; that Petitioner "fronted" him up to two pounds of

5

methamphetamine at a time; and that at the time of his arrest, he had owed Petitioner approximately $90,000 to $100,000 for the drugs that Petitioner had "fronted" him); Doc. 500 (July 23, 2007 Trial Tr.) at 135-36 (cooperating witness testifying that he had received methamphetamine from Petitioner's associate, who received it from Petitioner); Doc. 502 at 15 (introduction of an audio recording involving a phone with the Petitioner, who referenced obtaining "zip," a slang term for methamphetamine, from his own supplier).

Thus, Petitioner's citation to a selective portion of trial testimony does not establish that the prosecutor made any material misrepresentations during the sentencing; much less that Judge Kosik was misled by such misrepresentations due to an alleged mental impairment. Indeed, Petitioner's argument is nothing more than rehashing of an argument he has already made during sentencing (and again in his pending § 2255 motion) that he played no role in the conspiracy to sell methamphetamine. Judge Kosik rejected the very same argument at sentencing, noting:

> [t]here's been no objection to the fact that in the presentence report this defendant has been characterized as a mid-level manager [for the conspiracy to sell methamphetamine and marijuana] for a period of 1995 to 2003. He, during that period of time, recruited others into the conspiracy. So that he played no minor role, and there should be no intimation that his role was minor.

Doc. 525 at 35. "A Rule 60(b) motion may not be used as a second bite at the apple." *Jones v. Shannon*, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013) (internal quotation marks omitted). "It is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the

6

Court and the litigant." *Id*. *See also United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (denying Petitioner's motion and noting that "his Rule 60(b) motion is, in fact, a § 2255 motion in disguise"). Moreover, the sentencing hearing transcript reveals that Judge Kosik engaged in extensive, well-reasoned discussion with both sides' counsel, which further disproves Petitioner's argument that Judge Kosik was suffering from mental infirmity at the time of sentencing. *See* Doc. 525 *generally*.

Petitioner also cites his Motion for Reconsideration of Property Forfeiture that was pending before Judge Kosik for approximately six years after it was filed, claiming that the delay is "evidence that Kosik's mental impairment has been a long-standing condition inasmuch as the Motion in question was forgotten and left pending for almost six years." Doc. 749 at 9 (citing Docs. 464, 652). However, Petitioner wholly ignores the reasoning in Judge Kosik's opinion disposing of the Motion for Reconsideration, which noted that the motion averred that Petitioner "was not the real party in interest as to some of the forfeited items and that he would supply the court with affidavits as to the real parties in interest. [But n]o brief or supporting documentation was filed in support of the Motion for Reconsideration. In ruling on the instant motion, the Court realized that the Motion for Reconsideration was inadvertently never addressed." Doc. 652 at 2 n. 3. The opinion went on to dismiss the motion for failure to file a brief or supporting documentation, and in the alternative, noted that the motion is subject to dismissal because petitioner was "the defendant in the criminal action [and] he had no standing to raise these claims." *Id*. Thus, the delay in ruling on

Petitioner's Motion for Reconsideration appears to be primarily—if not exclusively—due to Petitioner's own failure to file any briefs or other documentation in support of his motion in violation of the Court's local rules. See Local Rule 1.1 ("These rules apply to all proceedings in this court whether criminal or civil unless specifically provided to the contrary or not applicable in the context"); Local Rule 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.").

Perhaps most importantly, Petitioner's motion fails because its sole impetus is an April 2017 news article detailing an incident that took place more than eight years after his sentencing. To say that the article is evidence that Judge Kosik suffered mental impairment during Petitioner's sentencing is beyond baseless. Not only has the Third Circuit affirmed both Petitioner's conviction and sentence in this case, *United States v. Fausnaught*, 380 F. App'x 198 (3d Cir. 2010), but it has also affirmed Judge Kosik's denial of Petitioner's first § 2255 motion. *United States v. Fausnaught*, C.A. No. 14-1262, slip op. at 1-2 (3d Cir. June 30, 2014). An article published eight years after the fact cannot serve to undermine Petitioner's sentence in this case, especially when it has been subject to appellate review. The Court finds Petitioner's argument that "Judge Kosik has been Non Compos Mentis, by anyone's standards, for quite some time [including during his sentencing]" to be unfounded and self-serving. As a judge in this district reasoned in a similar case, such arguments are not to be countenanced when they are wholly without factual support:

> Frails offers no evidence regarding Judge Kosik's mental condition in 2014, when his decision was issued. Rather, Frails merely cites to a recent

8

> newspaper story about a 2017 accident involving Judge Kosik without offering a scintilla of evidence that this is related to Judge Kosik's 2014 ruling on Frails's petition. In fact having worked closely with Judge Kosik for many years, including the years noted in Frails's motion, the undersigned can say simply beyond any doubt that Frails's allegations are simply frivolous.

*Frails v. Fisher*, 2017 WL 4573739, at *4 and n. 4 (M.D. Pa. Oct. 13, 2017). *See also United States v. Schwartz*, 2018 WL 847767, at *4 (E.D. Pa. Feb. 12, 2018) ("Schwartz argues that Judge Dalzell suffered from a mental infirmity while presiding over his Section 2255 proceeding. In support of this assertion—for which he provides absolutely no actual evidence—Schwartz speculates that a mental defect 'could explain the constitutional error and intolerance in not allowing amendment when Petitioner raised the request in his initial Section 2255 filing.' ... [But t]he Third Circuit specifically found no constitutional error in this regard when it 'summarily affirm[ed] the District Court's orders' denying his request to amend his § 2255 motion."). Thus, without any evidence connecting his 2008 sentencing to the 2017 article, Petitioner has failed to establish "a showing of exceptional circumstances" required for Rule 60(b) relief. *Coltec Indus.*, 280 F.3d at 273.

As a final point, the Court notes that there are general policy arguments against permitting the use of Rule 60(b) as a weapon to set aside judgments based on a perceived lack of mental competence of a federal judge. As Judge Kozinski stated eloquently in a warning of such potential exploitation of the Rule:

> My problem with the majority opinion is that it provides no answer to the central question raised by the [plaintiffs]: Are parties entitled to set aside a judgment if they can prove that the judge was non compos mentis at the time he rendered his decision? By resolving the case under the nebulous abuse of

9

discretion standard, my colleagues leave open the possibility that, based on some other showing—or perhaps based on a similar showing presented to a different district judge—relief may be available. This is an open invitation to parties to rummage through the health records of judges who ruled against them five, ten, even twenty years ago, in the hope of coming up with a more compelling showing—or a district judge more receptive to the idea of reopening past judgments.

*United States v. State of Wash.*, 98 F.3d 1159, 1166–67 (9th Cir. 1996) (Kozinski, J., concurring). The "evidence" presented in Petitioner's motion does not warrant an intrusive probe into the judge's alleged medical impairments, particularly in light of the span of time between the relevant rulings and the news clipping. The Court finds that Petitioner has failed to demonstrate the extraordinary circumstances necessary to support the reopening of his case pursuant to Rule 60(b).

## V. CONCLUSION

For the reasons outlined above, Defendant's Rule 60(b) motion (Doc. 749) will be denied.[1] A separate Order will follow.

Robert D. Mariani
United States District Judge

---

[1] Petitioner also brought a "Motion for Order ruling on Defendant's Rule 60(b)(6) Motion" on November 6, 2017. Doc. 754. The motion requests the issuance of a court order with respect to the instant motion. Because the Court will deny the underlying Rule 60(b) motion, Petitioner's "motion for order" will be dismissed as moot.